UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEPHEN HALL,

                Plaintiff,

v.                                     Case No. 23-cv-101-pp

LT. ADAMS, *et al.*,

                Defendants.

---

**ORDER DISMISSING CASE FOR PLAINTIFF'S FAILURE TO PAY INITIAL PARTIAL FILING FEE**

---

The plaintiff filed this lawsuit on January 26, 2023. Dkt. No. 1. At that time, he was incarcerated at Waupun Correctional Institution. Id. at 5.

About three weeks after the court received the complaint, it received from the plaintiff a motion asking the court to let him proceed without prepaying the filing fee. Dkt. No. 3. He did not provide his six-month trust account statement, so the court sent him a letter reminding him to do so. Dkt. No. 5. On February 28, 2023, the court received the trust account statement. Dkt. No. 6. A day or so later, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $61.19 if he wanted to proceed with the case. Dkt. No. 7.

Less than a week later, on March 6, 2023, the court received from the plaintiff a motion asking for more time to pay the initial partial filing fee. Dkt. No. 8. The motion showed that the plaintiff still was at Waupun, but he explained that the reason he wanted more time was because he was "currently undergoing a transition from Prisoner to citizen reentering society." Id. He

1

explained that he was to be released on March 7, 2023 and that he'd need some time to become financially secure. He said that after he got a job, a car and a stable residence, he could be in a position to pay the fee. Id.

The court did not address that request right away. About a month later—on April 7, 2023—the court granted the motion, and ordered that if the plaintiff wanted to continue with the lawsuit, then by the end of the day on May 31, 2023 he must pay $61.19 as an initial partial filing fee. Dkt. No. 9. The court's order stated that if the plaintiff did not pay the initial partial filing fee or file a request for more time to pay it by the end of the day May 31, 2023, the court would dismiss the case and the plaintiff would still owe the $350 filing fee. Id.

The May 31, 2023 deadline the court set was almost three months after the plaintiff indicated he was scheduled to be released. The Wisconsin Department of Corrections inmate locator web site indicates that the plaintiff was, in fact, released to extended supervision on March 7, 2023. https://appsdoc.wi.gov/lop/details/detail. The plaintiff has not provided the court with his new address. The court contacted the plaintiff's DOC agent to learn the plaintiff's current address and sent the April 7, 2023 order there; that order has not been returned to the court as undeliverable. The court has heard nothing from the plaintiff since March 6, 2023—over three months ago.

Because the plaintiff has not provided the court with a new address, because the court's order has not been returned to the court as undeliverable and because the plaintiff did not pay the initial partial filing fee by the deadline

the court set, the court will dismiss the case without prejudice. That means that the plaintiff may file a new case, subject to any statutes of limitation.

The law requires any incarcerated individual who brings a civil action to pay the statutory filing fee. 28 U.S.C. §1915(b)(1). Although the court is dismissing the case, the plaintiff remains obligated for the $350 statutory filing fee.

The court **DENIES AS MOOT** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 3.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the plaintiff did not pay the initial partial filing fee by the deadline the court set. The clerk of court will enter judgment accordingly.

The court **ORDERS** that the plaintiff must pay the $350 filing fee to the Clerk of Court.

Dated in Milwaukee, Wisconsin this 13th day of June, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**